OPINION
Appellant Mark Shultz appeals the decision of the Tuscarawas County Court of Common Pleas that found him guilty of theft. The following facts give rise to this appeal. Appellant Shultz operated an automobile repair garage in Tuscarawas County. Michael Francis took a 1991 Ford Taurus station wagon, to appellant's garage, for transmission work. Appellant gave Mr. Francis an estimate of $900 to fix the transmission. Appellant's estimate was $400 to $500 less than estimates he had received from other repair garages. According to Mr. Francis, appellant informed him he would need $500, up front, so he could order the parts needed for the repair. Mr. Francis delivered the $500 to appellant. A couple days later, Mr. Francis telephoned appellant and asked him about the transmission repair. Appellant informed Mr. Francis that he received the wrong parts, for the repair, and that he would have to reorder the parts. Following this conversation, over the next several weeks, Mr. Francis made several attempts to contact appellant about the repair work. Mr. Francis called appellant's repair garage and visited the premises several times but was unable to contact appellant. Eventually, the telephone number, at appellant's repair garage, was disconnected. Mr. Francis contacted an attorney. The attorney informed Mr. Francis that it would be unlikely that he would be able to recover in a civil action. Thereafter, Mr. Francis contacted the Tuscarawas County Sheriff's Department. One of the detectives following up on Mr. Francis' complaint discovered that appellant was in the Tuscarawas County Jail on an unrelated matter. Detective Goudy met with appellant to discuss this matter. Appellant wrote the following statement concerning Mr. Francis' vehicle and the expected completion date of the repairs: "I Mark E. Schultz of Schultz Transmissions intend on calling Mike Francies (sic) upon my release today 2-25-98. The car will be completed 3-1-98 (sic) If in the event the car is not completed the car (sic) money will be refunded free of charge (sic)." Appellant never completed the transmission repair work on Mr. Francis' vehicle. Mr. Francis eventually had a tow truck retrieve his vehicle from appellant's repair garage. On the day Mr. Francis retrieved his vehicle, appellant informed him that he did not have the money but he promised to return it to him by March 16, 1998. Appellant never returned the money to Mr. Francis. On May 6, 1998, the Tuscarawas County Grand Jury indicted appellant for one count of theft in violation of R.C. 2913.02(A)(2). This matter proceeded to a bench trial on March 29, 1999. At the close of the state's case, appellant moved for acquittal pursuant to Ohio Crim.R. 29. The trial court overruled appellant's motion. The defense rested without presenting any evidence. On April 23, 1999, the trial court filed a judgment entry finding appellant guilty as charged in the indictment. The trial court sentenced appellant to six months imprisonment, suspended the jail sentence, and placed appellant on two years supervised community control sanctions. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
I. THE TRIAL COURT'S VERDICT OF GUILTY ON THE CHARGE OF THEFT IN VIOLATION OF SECTION 2913.02 IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
II. OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
Appellant contends, in his First Assignment of Error, that the trial court's verdict, finding him guilty of theft, is against the manifest weight and sufficiency of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based on this standard that we review appellant's First Assignment of Error. As noted above, the grand jury indicted appellant for violating R.C. 2913.02(A)(2). This statute provides: (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
* * *
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent.
In support of this assignment of error, appellant argues there is a lack of culpable mental state relating to the "purpose to deprive the owner" element of the offense. Appellant maintains he did not "purposely" intend to deprive Mr. Francis of his property. R.C. 2901.22 defines culpable mental states. Under Section(A), "purposely" is defined as: (A) A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.
R.C. 2913.01(C) defines the term "deprive." The term "deprive" means any of the following: (1) Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration; (2) Dispose of property so as to make it unlikely that the owner will recover it; (3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration.
We find, based on the above definitions of "purposely" and "deprive", the trial court's decision, finding appellant guilty of theft, is not against the manifest weight and sufficiency of the evidence. The record supports this conclusion. Mr. Francis testified that appellant informed him that he needed $500 to order the parts to repair the transmission. Tr. at 17, 28. Mr. Francis gave appellant $500 to order the necessary parts. Id. at 17, 19, 27-28, 36. Two days after delivering the money to appellant, Mr. Francis called appellant about the progress of the repair work and appellant informed him that he had received the wrong parts and would have to reorder them. Id. at 19. Following this conversation, Mr. Francis was unable to contact appellant. Id. at 19-20. After Detective Goudy discussed this matter with appellant, while appellant was incarcerated at the Tuscarawas County Jail, appellant informed Mr. Francis that he would have his vehicle repaired by March 1, 1998. Id. at 24. Appellant signed a statement, to this effect, in which he indicated that if he did not repair the transmission he would return the vehicle and the money. Appellant subsequently informed Mr. Francis that he could not repair the vehicle. Id. at 25. Mr. Francis made arrangements to have a tow truck retrieve his vehicle, from appellant's garage, on March 5, 1998. Id. Appellant informed Mr. Francis that he did not have his money, on this date, but he would mail it to him by March 16, 1998. Id. at 26. Appellant never returned the money. Mr. Francis also testified that there were no new parts, of any kind, when he retrieved the vehicle on March 5. Tr. 26, 38. We find, based on the above evidence contained in the record, that the state proved, beyond a reasonable doubt, that appellant acted purposely to deprive appellant of his property. Although appellant maintains he did not act purposely, the evidence supports the trial court's conclusion that appellant acted with such an intent. Appellant removed Mr. Francis' transmission from his vehicle as though he intended to repair it. However, after that point, appellant never made the necessary repairs. Instead, appellant indicated to Mr. Francis that he ordered the new parts with the $500. When Mr. Francis called to check on the progress of the repair work, appellant informed Mr. Francis that he had received the wrong parts. From that point on, appellant avoided Mr. Francis' attempts to contact him. It was not until Detective Goudy located appellant, at the Tuscarawas County Jail, that appellant agreed to either fix appellant's vehicle or return the money. When appellant finally informed Mr. Francis that he could not repair his vehicle, he again assured Mr. Francis that he would return the $500. As of the date of trial, appellant had not returned the money. Appellant clearly exerted control over the cash beyond the scope of Mr. Francis' express consent in that appellant never returned the money, repaired the vehicle or tendered the repair parts which should have been purchased with the money. In support of his argument that his conduct did not result in a theft offense, appellant cites the case of State v. Glenn (1990), 56 Ohio Misc.2d 1. The Glenn case involves theft charges that resulted from the failure to maintain rental payments, under a rental contract, of used furniture. The state, in Glenn, argued that defendant's failure to make payments and/or return the furniture constituted a theft offense. The court stated that: A defendant who rents personal property pursuant to a rental agreement, and who retains possession of the rental property after failing to pay the rent required by the agreement, is not guilty of theft under R.C. 2913.02(A), where the rental property is not an automobile and where the defendant has not absconded with the property, concealed its whereabouts, or acted to prevent its repossession by the creditor. Id. at 1.
We find the Glenn case distinguishable from the facts of the case sub judice. Appellant acted in such a manner as to prevent Mr. Francis from receiving his money. The money disappeared. However, in Glenn, the defendant still had possession of the furniture and the plaintiff had civil remedies available to secure the return of the furniture. Finally, appellant maintains it is evident that he did not act purposely based on the fact that the indictment indicates appellant committed the crime "on or about March 1, 1998." By citing this date, appellant argues the state impliedly agrees the transfer of the money, in October, was not a criminal act. Appellant further argues that the only evidence of any event, in March 1998, was the written statement executed by appellant in which he indicated he would repair the vehicle or return the money. Appellant maintains the failure to perform on this written statement constitutes a civil action. We disagree with appellant's argument and instead find that it became clear that in March 1998, appellant purposely intended not to return appellant's money and acted in such a manner as to prevent Mr. Francis from receiving his money. Upon review of the record, we do not find the trial court clearly lost its way in finding appellant guilty of the theft charge. The evidence does not weigh heavily against a conviction. The testimony of Mr. Francis and Detective Goudy established the requisite elements for a theft offense. It does not appear that the trial court clearly lost its way, in resolving conflicts in the evidence, thereby creating a manifest miscarriage of justice. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends other errors were committed, at trial, not raised herein but apparent on the record. We disagree. In making this argument, we assume appellant relies on the case of Anders v. California (1967), 386 U.S. 738. In Anders, appointed counsel found his indigent client's case to be wholly frivolous and without merit. The United States Supreme Court held it was error for counsel to advise the appellate court, by letter, without filing any motion or brief on behalf of his client. The matter currently before the court is distinguishable from Anders in that appellant's appellate counsel filed a brief and assigned one assignment of error for our review. Thus, a claim pursuant to Anders has no merit. A review of the record does not reveal any error which would warrant a reversal of appellant's conviction or sentence. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
 _________________________ By: Wise, J.
Gwin, P.J., and Farmer, J., concur.